# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE C. BLAKEY, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 10-750 |
| | ) | Magistrate Judge Bissoon |
| v. | ) | |
| | ) | |
| JANICE SNYDER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff is a state prisoner who alleges that his constitutional rights were violated when he was falsely arrested and then falsely convicted and sentenced for narcotics offenses in Pennsylvania. Plaintiff seeks relief in the nature of compensatory damages and release from custody pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*, and has consented to the undersigned exercising jurisdiction in this matter (Doc. 9).

### A. **Applicable Law.**

Congress has mandated that courts review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable, i.e., dismissal is appropriate if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual

allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint possesses "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

**B. Analysis**

Plaintiff is barred from litigating a claim that his criminal conviction is invalid. A prisoner may not bring a civil rights suit if its success would render invalid a criminal conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Where a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," then the claim is barred until the conviction is overturned. Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted). Here, resolution of Plaintiff's claim in his favor would necessarily require a finding that his conviction was invalid, and such a claim is barred by Heck.

AND NOW, this 15th day of June, 2010,

IT IS HEREBY ORDERED that this case is DISMISSED in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's motions seeking a waiver of summons (Doc. 6), for an attorney (Doc. 7) and for discovery (Doc. 8) are DENIED because he has no valid underlying claim. The Clerk is directed to mark this case CLOSED.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**LESLIE C. BLAKEY**
HD-5410
SCI Greene
175 Progress Drive
Waynesburg, PA 15370